In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-072 CR


______________________


 

JESSIE WALLACE ADAMS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 92839






MEMORANDUM OPINION


 A jury convicted Jessie Wallace Adams of the offense of possession of a controlled
substance (cocaine) enhanced by two prior felony convictions. (1) The trial court sentenced him
to five years in prison.


Background


 Officers McBride and Sheehan were on patrol when they saw that a front-seat
passenger in a vehicle was not wearing a seat belt. The officers activated their emergency
lights and followed the vehicle. Both McBride and Sheehan testified they observed the
driver of the vehicle lean forward in his seat. Even after McBride made the traffic stop and
got out of the patrol vehicle, the driver, Adams, was "still leaning forward, going back and
forth in the vehicle real squirmish in the seat." McBride indicated this type of movement
causes an officer to be concerned for his safety. Sheehan explained the driver could be
hiding a gun. 

 As Officer McBride approached the car, he noticed "crack on [Adams'] shirt." 
McBride testified that as a trained and experienced narcotics officer, he was familiar with
crack. McBride described the events as follows: 

 And, I asked [Adams] to step out of the vehicle and the crack rock falls from
him on to the ground as he's exiting the vehicle." 

 . . . .

 As [Adams] gets out, [the crack rock] falls to the ground and I looked down.
[Adams] immediately attempts to destroy the crack by stepping on it. At that
time Officer Sheehan and myself have to get him out of the way, try to keep
him from destroying the evidence. 

 . . . .

 [Adams] was cuffed and moved out of the way where he couldn't destroy the
rock. I reached down and picked up the remaining crack - maybe half a rock
at that time and put it in a plastic bag and retrieved it at that time.


Sheehan testified he also "observed a small off-white rock fall from up in [Adams'] torso
area, I guess, his lap torso area on to the ground as he was standing up straight out of the
vehicle." Based on his experience as an officer, Sheehan immediately suspected the
substance was crack cocaine. Like McBride, Sheehan testified that as soon as the substance
hit the ground, Adams "tried to stomp on it with one of his feet . . . smashing it on the ground
where it couldn't be retrieve[d]." McBride and Sheehan testified they found no other drug
evidence in the car; they also indicated they searched the passenger and did not find anything
illegal on him. 

 Karrington Scott, the passenger in the vehicle, testified for the defense. He indicated
he had his seat belt on when the officers stopped the vehicle. Scott testified Adams never
moved around in the car while the officers were making the stop. Scott explained that as
soon as Adams stepped out of the car, the officers "proceeded to manhandle him." They
were "punching him and slamming his head on the hood - on the dashboard - windshield." 
Scott testified that after the officers beat Adams up, Officer McBride walked in front of the
car and "picked up something." Scott also testified he and Adams had grown up together and
had been friends for fifteen years; he acknowledged he did not want his friend to get in
trouble. The officers found no contraband on Scott or in the vehicle. 

 Adams' Issues


 Adams argues the evidence was legally and factually insufficient to support his
conviction. In a legal sufficiency review, the appeals court assesses all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could find
the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Poindexter v. State, 153 S.W.3d 402,
405 (Tex. Crim. App. 2005). As the sole judge of the witnesses' credibility and the weight
to be given their testimony, the trier of fact is free to accept or reject any or all of the
evidence presented by either side. See Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim.
App. 2000). In a factual sufficiency review, an appellate court views all the evidence in a
neutral light and considers "whether the evidence introduced to support the verdict, though
legally sufficient, is nevertheless 'so weak' that the jury's verdict seems 'clearly wrong and
manifestly unjust[.]'" Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006)
(quoting Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)); see also Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996). The court also asks "whether, considering
conflicting evidence, the jury's verdict, though legally sufficient, is nevertheless against the
great weight and preponderance of the evidence." Watson, 204 S.W.3d at 415 (citing
Johnson, 23 S.W.3d at 11).

 To support a conviction for possession of a controlled substance, the State must prove
two elements: (a) the accused exercised actual care, custody, control or management over the
substance, and (b) the accused knew the matter possessed was contraband. See Tex. Health
& Safety Code Ann. § 481.115(a) (Vernon 2003); Tex. Health & Safety Code Ann. §
481.002(38) (Vernon Supp. 2006); Poindexter, 153 S.W.3d at 405. Adams challenges the
first element: exercise of actual care, custody, control or management. He questions the
officers' credibility. Pointing to Scott's testimony, Adams asserts the officers were incorrect
when they testified Scott, the passenger, did not have his seat belt on. Adams also infers the
officers must have been incorrect when they testified he was leaning forward and moving
back and forth in the vehicle prior to the stop. Adams argues it is unreasonable to believe
that after his alleged movement in the car he would actually leave the crack in his lap or on
his shirt. He further argues that the officers' failure to find any contraband in the vehicle
belies any suggestion that he had some crack on his shirt.

 The jury believed the officers' account of the stop and rejected the passenger's
account. Viewing all the evidence in the light most favorable to the verdict, a rational jury
could have found Adams exercised "actual care, custody, control or management over" the
substance: he had the crack on his person and he tried to destroy the evidence. Viewing all
the evidence in a neutral light, we cannot say, with any objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict. Issues one and
two are overruled. The judgment of the trial court is affirmed. 

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on December 18, 2006

Opinion Delivered January 31, 2007

Do Not Publish 


Before Gaultney, Kreger, and Horton, J.J. 
1. See Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003); Tex. Pen. Code
Ann. § 12.35 (Vernon 2003); Tex. Pen. Code Ann. § 12.42 (Vernon Supp. 2006).